IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

MALIK MCKENZIE

Defendant.

CASE NO.: 4:24-cr-47

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's November 26, 2024, Report and Recommendation, (doc. 26), to which Defendant Malik McKenzie has objected, (doc. 35). For the following reasons, the Defendant's objections are **OVERRULED**, the Report and Recommendations is **ADOPTED**, (doc. 26), and Defendant's Motion to Suppress is **DENIED**, (doc. 18.)

Defendant moves to suppress evidence seized from his person pursuant to a warrantless search and seizure following an allegedly unlawful traffic stop. (Doc. 26, p. 1.) The Magistrate Judge recommends denying the motion because the arresting officer, Officer Josh Myers of the Hinesville Police Department, had probable cause to believe that a traffic violation had occurred, justifying his attempt to initiate a traffic stop. (Id., p. 10.). The issues raised in Defendant's objection largely mirror the arguments made in his briefing before the Magistrate Judge. (Compare doc. 35, pp. 2-4, with doc. 18, pp. 4-6.) Although McKenzie's briefing proffers facts different from those to which Meyers testified, (see docs. 18 & 35; see generally doc. 34), the Magistrate Judge found Officer Myers' testimony was "wholly credible," (doc. 26, p. 6). The Eleventh Circuit has cautioned district judges from overruling a magistrate [judge's] finding where

credibility determinations are dispositive. See Proffitt v. Wainwright, 685 F.2d 1227, 1237 (11th Cir. 1982) (stating that, in criminal or habeas corpus cases, a district judge's reasons for rejecting a report and recommendation must be consistent with the credibility choices made by a magistrate); Manning ex rel. Manning v. Sch. Bd. of Hillsborough Cty., Fla., 244 F.3d 927, 947 (11th Cir. 2001) ("Where, as here, a district judge does not personally observe the witnesses in making a subjective finding of fact, we view such a finding with skepticism, especially where . . . the finding is contrary to the one recommended by the judicial official who observed the witness.").) Mindful of those admonitions, the Court finds that Defendant has not identified any basis to reject the Magistrate Judge's credibility finding.

Defendant argues that "[t]he Magistrate Judge's Findings of Fact are in error in determining that reasonable suspicion existed to stop the vehicle in which McKenzie was a passenger,[1] ultimately resulting in the seizure of evidence relied upon by the Government to support the underlying Indictment." (Doc. 35, p. 2.) Defendant does not dispute the Magistrate Judge's statement of the applicable law, but only that his application was erroneous. (Id., p. 4.) Specifically, Defendant finds fault with the Magistrate Judge's determination that Officer Myers' testimony that he observed the vehicle in question run a stop sign was credible. (Id.)

Defendant provides three arguments that Officer Myers' "cumulative credibility issues" undermine his testimony such that the Government failed to meet its burden to justify the warrantless seizure and subsequent search. (Id., pp. 2-5.) First, he argues that "the unexplained lack of either bodycam or dashcam recordings by Officer Myers raises suspicion as to the officer's credibility." (Id., p. 2.) Second, he contends that Officer Myers' "admitted history of discipline related to law enforcement protocols . . . weighs against his credibility." (Id., p. 3.) Third, he

---

[1] As discussed more fully below, McKenzie's characterization assumes facts that, if not wholly unsupported, are not established in the record.

argues that Officer Myers mistakenly identified the driver of the vehicle Defendant concedes he, at least, occupied during the alleged traffic violation and subsequent pursuit, despite "all other evidence pointing to a separate driver." (Id.)

The Magistrate Judge expressly addressed two of Defendant's three arguments in his Report and Recommendation. (See doc. 26, pp. 8-10.) As to the bodycam footage, it is patently incorrect to state that the lack of bodycam or recording by Officer Myers is "unexplained." (See doc. 34, pp. 24-26 (explaining that both the bodycam and dashcam were designed to automatically turn on when Myers activated his police lights but did not due to an unidentified technical malfunction).) Further, the Report and Recommendation correctly observed that "the absence of video evidence of a traffic violation is not even extraordinary, much less fatal to finding an officer's testimony credible." (Doc. 26, p. 8 (citing United States v. Gause, 2023 WL 2194295, at *2 (11th Cir. Feb. 24, 2023) (finding that a police officer's credible testimony is "in no way contradicted" by the dashcam's failure to capture an alleged traffic violation when the officer straightforwardly explained why it did not do so).) The Court, therefore, finds that the Magistrate Judge adequately addressed the lack of body-worn or dashboard camera video in his credibility analysis.

Defendant argues that Officer Myers' purported misidentification of the driver of the vehicle Defendant occupied undermines his testimony regarding the observation of the alleged stop sign violation. (Doc. 35, p. 3.) However, McKenzie's Objection merely reasserts purported facts from which he infers that Meyer's perception was mistaken. (Doc. 35, pp. 3-4.) The Magistrate Judge already noted that at least some facts underlying "the natural conclusion," (id., p. 4), are not in evidence. (Doc. 26, pp. 9-10.) Moreover, the Magistrate Judge's analysis indicates the ways in which the conclusion is not as "natural" as Defendant asserts. As the Report

3

and Recommendation explains, the location of the phone "in a particular location in the car after a high-speed chase, crash, and flight of the occupants is, at most, suggestive." (Id., p. 9.) Additionally, the information about the ownership of the phone is of "uncertain evidentiary value because it is only mentioned in Defendant's brief and an attached exhibit, which was not admitted at the hearing." (Doc. 26, pp. 9-10 (citing Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("[A] sentence in an unsworn brief is not evidence.").) Defendant makes no effort to rehabilitate the value of this evidence in his Objections. (See generally doc. 35.) Lastly, it should be noted that, even if Myers had clearly misidentified the driver of the vehicle after a high-speed chase near residential areas, the circumstances of that observation are drastically different and more challenging than observing a minor traffic violation while parked in a vehicle facing towards the violation. Defendant's dispute about whether he was the driver of the vehicle or its passenger, therefore, does not undermine the validity of the Magistrate Judge's credibility determination.

Defendant's objections also overstate the nature of Officer Myers' disciplinary history. The most significant policy violations that cross-examination revealed were "rudeness complaints." (Doc. 34, p. 39: 15-23.) Officer Myers clarified that he had never been disciplined for failure to follow arrest protocol over the course of nearly ten years as a law enforcement officer. (Id., p. 39: 19-23.) Defendant's cross-examination of Meyers concerning his record as a law enforcement officer revealed no history of serious misconduct or dishonesty. (See generally doc. 34.) While politeness may well be a "law enforcement protocol[ ]," (doc. 35, p. 3), the fact that Officer Meyers may have breached it does not suggest that he would fabricate the existence of a traffic violation, much less that he would subsequently provide perjured testimony to the Court. While Officer Myers' disciplinary history may draw his manners into question, it does not

4

undermine his honesty, memory, or overall credibility as a law enforcement official testifying against a defendant he arrested. Although the Magistrate Judge did not expressly address Officer Myers' disciplinary history in the Report and Recommendation, the Court finds that he appropriately considered it in evaluating his credibility after observing his testimony.

Taken cumulatively, Defendant's Objections fail to show that that the Magistrate Judge erred in concluding Officer Meyers' testimony was credible, even under a de novo standard of review.  Therefore, Officer Myers' was justified in attempting the traffic stop of the vehicle Defendant occupied because he had probable cause to believe that the vehicle had committed a traffic violation.  For the foregoing reasons, therefore, the Defendant's objections are **OVERRULED**, and the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 26.)   The Defendant's Motion to Suppress is **DENIED**.   (Doc. 18.)

**SO ORDERED**, this 7th day of February, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA