IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:24-cr-047 |
| MALIK JAVIER MCKENZIE, | |
| Defendant. | |

**O R D E R**

The Court **DENIES** Defendant's requests for a new trial, (docs. 78, 93, & 94), and for judgment of acquittal, (docs. 79, 98).

BACKGROUND

On March 6, 2024, City of Hinesville Police officer Joshua Myers tried to pull over a vehicle after observing multiple traffic law violations. (Doc. 91, pp. 10–20.) The driver of the vehicle refused to stop, Officer Myers gave chase, and the vehicle eventually ran off the road. (Id. at pp. 21–22.) Defendant Javier Malik was one of two occupants of the vehicle. (Id. at p. 22.) Both occupants fled the scene on foot, and Officer Myers ran after Defendant. (Id. at pp. 21–25, 28.) Defendant eventually fell into a ditch, and Officer Myers caught up to him. (Id. at pp. 24, 28.) Defendant wrestled with Myers and Myers eventually got the best of him and handcuffed him. (Id. at pp. 23–27.) Two other Hinesville Police officers, Cody Harman and William Artman, then arrived on scene and took custody of Defendant from Myers. (Id. at pp. 28, 44, 50–51, 65, 68–70.) Harman searched a bag strapped around Defendant and found narcotics, a scale, a plastic spoon, and Defendant's identification card. (Id. at p. 52.) Artman searched Defendant's person and his clothing and found a loaded nine-millimeter handgun in Defendant's right pants pocket.

(Id. at pp. 70–75.)  Harman and Artman's searches of Defendant, including their discovery of narcotics and a firearm, were captured by their body-worn video cameras.  (Gov. T. Ex's 4 & 6.)

The grand jury of this District charged Defendant with possession with intent to distribute quantities of fentanyl, cocaine, carfentanil, and methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of a firearm (machinegun) in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count 3); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count 4).  (Doc. 1.)  The Government dismissed Count 3 before trial.  (Doc. 49.)  After a two-day trial, the jury found Defendant guilty of Counts 1, 2, and 4.  (Doc. 76.)

Defendant stipulated that he was a felon.  But under Federal Rules of Evidence 404(b), the Court permitted the Government to introduce evidence at trial that Defendant had previously been convicted for distributing drugs.  Specifically, the Court allowed the Government to admit a plea agreement through which Defendant admitted selling narcotics to confidential informants as part of his participation in a drug distribution conspiracy.  (Gov. T. Ex. 29; Doc. 92, pp. 147–51.)  But the Court barred the Government from introducing evidence that Defendant had been convicted of possessing ammunition, and the Court ordered that any mention of Defendant's possession of firearms be redacted from the plea agreement.[1]

> The Court then gave the following instruction to the jury about this evidence:
>
> Ladies and Gentlemen, you've just heard evidence of acts allegedly done by the defendant that may be similar to those charged in the indictment, but were committed on other occasions.
> You must not consider this evidence to decide if the defendant engaged in the activity alleged in the indictment, but you may consider this evidence to decide whether the defendant had the state of mind or intent necessary to commit the crime

---

[1] Defendant only sought transcripts of the witness's testimony in support of his post-trial motions.  The Court's rulings on the Rule 404(b) evidence are not included in those transcripts.  But the Government's Response to Defendant's Amended Motion for New Trial Under Rule 33 accurately describes the litigation over this evidence.  (See doc. 96, pp. 1–4.)

2

charged in the indictment and whether the defendant committed the acts charged in the indictment by accident or mistake.

(Doc. 92, pp. 152–53.)  The Court repeated this instruction during its final instructions.  (Doc. 75, p. 6.)

## DISCUSSION

I.  **Defendant's Motion for New Trial**

Defendant contends the introduction of the specifics of his prior drug sales through his redacted plea agreement warrants a new trial.  (Doc. 94.)  "Under Federal Rule of Criminal Procedure 33(a), 'the court may vacate any judgment and grant a new trial if the interest of justice so requires.'"  United States v. Pitts, No. 4:19-CR-12, 2019 WL 3408817, at *1 (S.D. Ga. July 26, 2019).  "Recognized grounds for a new trial include circumstances where substantial and prejudicial evidentiary errors were committed at trial . . . ."  United States v. Rothwell, No. 3:17CR112/MCR, 2018 WL 11251343, at *4 (N.D. Fla. June 18, 2018) (citing United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990)).

> When considering a motion for a new trial based on an alleged evidentiary error, the Court will only order a new trial where "a significant possibility exists that, considering the other evidence presented by both the prosecution and the defense, [the error] has a substantial impact upon the verdict of the jury."  But "where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted."

United States v. Scott, No. 4:17-CR-50, 2018 WL 5087237, at *4 (S.D. Ga. Oct. 18, 2018) (alteration in original) (citations omitted).

Federal Rule of Evidence 404(b) prohibits the use of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Evidence of other crimes may be admissible, however, for other purposes—such as to prove intent, knowledge, or absence

3

of mistake or accident.  Fed. R. Evid. 404(b)(2).  The Eleventh Circuit Court of Appeals has explained that Rule 404(b) "is one of inclusion which allows extrinsic evidence unless it tends to prove only criminal propensity."  United States v. Sanders, 668 F.3d 1298, 1314 (11th Cir. 2012) (quoting United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008)).

Courts in the Eleventh Circuit employ a three-prong test for assessing the admissibility of evidence under Rule 404(b)(2).  United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003).  "First, the evidence must be relevant to an issue other than the defendant's character."  Id. (quoting United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992)).  Second, "there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act."  Id.  "Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of [Federal Rule of Evidence] 403."  Id.

As the Court explained at trial, the Government met its burden on all three of these elements as to the prior drug sales detailed in Defendant's redacted plea agreement.  Defendant seems to concede that the Government met its burden as to the first two elements: that is, that his prior drug sales were relevant and that there was sufficient proof from which the jury could find that Defendant committed the extrinsic acts.  Defendant's Motion only contests the third element.[2]  (See, doc. 93, pp. 2–5.)  Again, under that prong, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other

---

[2] Even if Defendant had challenged the first two elements, that challenge would fail.  As to the first element, Defendant's prior drug sales have at least some probative value, as they are relevant to whether Defendant acted with the requisite state of mind in this case.  "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue."  United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) (citing United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995)).  As to the second element, through the plea agreement, Defendant admitted he conducted the prior sales.

4

requirements of Rule 403." Jernigan, 341 F.3d at 1280. The Eleventh Circuit provided the following explanation for how courts should make this assessment:

> "Extrinsic evidence of other crimes, wrongs, or acts is inherently prejudicial to the defendant, and may entice the jury to draw the prohibited inference that a defendant previously convicted of a crime likely committed the same crime again." Thus, the third prong of the test calls for balancing "the incremental probity of the evidence . . . against its potential for undue prejudice."

United States v. Perrier, 619 F. App'x 792, 796 (11th Cir. 2015) (internal citations omitted). The Court also must consider that evidence of a defendant's prior crimes "is often disfavored because of the possibility for its misuse, especially where the government has a strong case." United States v. Sterling, 738 F.3d 228, 238 (11th Cir. 2013) (citing United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978)). "In other words, if the government can do without such evidence, fairness dictates that it should; but if the evidence is essential to obtain a conviction, it may come in. This may seem like a heads I win; tails you lose proposition, but it is presently the law." Id. (quoting United States v. Pollock, 926 F.2d 1044, 1049 (11th Cir. 1991)). Ultimately, in analyzing the third Rule 404(b) prong, "courts should conduct a common-sense assessment of the circumstances of the extrinsic offense, 'including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.'" Perrier, 619 F. App'x at 796 (quoting United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997)).

Having reviewed the entire record, the Court affirms its "common sense" assessment that led to the introduction of Defendant's prior drug sales. Defendant's prior drug transactions were highly probative of whether he intended to distribute the drugs found in his bag particularly given the similarity between the state of mind underlying his prior sales and the state of mind required for the Government's allegations here. Further, Defendant challenged, through cross examination of the Government's witnesses, the Government's evidence that he intended to sell the drugs found

5

in his bag. As such, it was proper for the Government to introduce evidence of his prior sales. Also, the plea agreement's detail regarding Defendant's conduct and role in the prior conspiracy were far more probative of his state of mind than the conspiracy conviction alone.

Moreover, the Court "cured any possible unfair prejudice" through its limiting instruction directly after the evidence was admitted and in the final instructions. United States v. Stepherson, 838 F. App'x 438, 444 (11th Cir. 2020) ("repeated limiting instructions to the jury that [Defendant's] conviction[s] could only be considered for the limited purpose of determining intent" "cured any possible unfair prejudice") (citing United States v. Brown, 665 F.3d 1239, 1248 (11th Cir. 2011)). The Court also cautioned the jury that "the defendant is currently on trial only for the crimes charged in the Indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the Indictment." (Doc. 75, p. 6.) See United States v. Harris, 205 F. App'x 230, 232 (5th Cir. 2006) (noting that trial court had instructed the jury that "[t]he defendant is not on trial for any act, conduct, or offense not alleged in the indictment" and explaining that "[w]e have held that an erroneous admission of a prejudicial remark may be cured by just such a general limiting instruction" (citing United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998))). The Court trusts that the jury followed these instructions. See United States v. Almanzar, 634 F.3d 1214, 1222 (11th Cir. 2011) ("We presume that jurors follow the instructions given by the district court." (citing United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005))).

Even if the introduction of Defendant's prior drug sales was erroneous, any prejudice resulting from that introduction did not rise to the level that would warrant a new trial. The Government presented substantial evidence of Defendant's guilt, including videos showing officers recovering narcotics, tools of the drug trade, and a firearm directly from his person. This

evidence, unaffected by the errors Defendant alleges, was sufficient to support the jury's verdict. See United States v. Grzybowicz, 747 F.3d 1296, 1311 (11th Cir. 2014) ("We have recognized that a trial judge is often 'in the best position to evaluate the prejudicial effect of a statement or evidence on the jury,' and that the prejudicial effects of an improper statement may be reduced or eliminated where 'the record contains sufficient independent evidence of guilt.'") (quoting United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007)). Thus, when reviewing the prejudice that could have flowed from evidence of Defendant's prior convictions in the aggregate, there is no reasonable probability that the evidence affected the outcome of Defendant's trial.

## II.     Defendant's Motion for Judgment of Acquittal

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). In considering a motion for judgment of acquittal, the Court views the evidence in the light most favorable to the verdict. United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989) (citing Glasser v. United States, 315 U.S. 60, 80 (1989)). Moreover, "the court must assume the truth of the Government's evidence." United States v. Pate, No. CR118-008, 2019 WL 1244722, at *3 (S.D. Ga Mar. 18, 2019) (citing United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)). The issue before the Court is whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id. at *2 (citing United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)). The verdict must stand "unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Pinerio, 389 F.3d 1359, 1367 (11th Cir. 2004) (quoting United States v. Lyons, 53 F.3d 1198, 1202 (11th Cir. 1995)).

Defendant hinges his challenge to the sufficiency of the evidence on the credibility of Officer Myers. (Doc. 79.) Defendant maintains that Myers cannot be believed because of his

history of disciplinary infractions. (Id. at pp. 3–4.) He also maintains that Myers mistakenly identified Defendant as the driver of the vehicle when he was the passenger. (Id.) But Myers' testimony was not critical to Defendant's conviction. It was Officers Harman and Artman who discovered the drugs in Defendant's bag and the gun in his pocket. (Doc. 91, pp. 52, 70–75.) Their testimony was corroborated by video evidence of those discoveries. (Gov. T. Ex's 4 & 6.) Even if Myers' testimony were central to Defendant's convictions, credibility determinations are left to the discretion of the jury. See United States v. Flores, 572 F.3d 1254, 1263 (11th Cir. 2009). The jury heard evidence of Myers' infractions and found Defendant guilty all the same. (See doc. 91, p. 37.) Defendant has provided no credible reason for the Court to disturb that determination. To the contrary, a review of the record reveals overwhelming evidence of Defendant's guilt.

## CONCLUSION

For all the reasons stated above, the Court **DENIES** Defendant's requests for a new trial, (docs. 78, 93, & 94), and for a judgment of acquittal, (docs. 79, 98).

**SO ORDERED**, this 25th day of June, 2025.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA